IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINAYKUMAR PATEL, | : | Civil No. 1:25-CV-02271 |
| Petitioner, | : | |
| v. | : | |
| PAMELA BONDI, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Vinaykumar Patel ("Patel") arguing that he should be released on bond. (Doc. 1.) For the reasons that follow, the court will deny Patel's petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Patel is a native and citizen of India who entered the United States on September 24, 2015, as a nonimmigrant B-2 with authorization to remain in the United States until March 21, 2016. (Doc. 1, ¶¶ 1, 7; Doc. 6-2, p. 2.)[1] On September 29, 2017, Patel filed an application for asylum. (Doc. 1, ¶ 7; Doc. 6-2, p. 2.) On June 21, 2019, Patel was the manager of a convenience store in Lock Haven, Pennsylvania where an armed robbery purportedly occurred. (Doc. 1, ¶ 8.) Patel then filed an I-918 application for a U-Nonimmigrant visa ("U-Visa") on

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

November 1, 2019.  (Doc. 1, ¶ 8; Doc. 6-2, pp. 2–3.)  After investigation of the robbery, law enforcement determined that there was no armed robbery, rather, this was a scheme to obtain a U-Visa.  (Doc. 1, ¶ 9; Doc. 6-2, pp. 2–3.)  On April 17, 2024, Patel was convicted in the Middle District of Pennsylvania of multiple counts of fraud related to his false U-Visa application and sentenced to eighteen months imprisonment.  (Doc. 1, ¶ 9; Doc. 6-2, p. 3.)

While serving his federal sentence, Patel was encountered by Department of Homeland Security ("DHS") agents and investigated.  (Doc. 6-2, p. 2.)  DHS ultimately issued an immigration detainer and warrant for Patel's arrest because DHS determined that Patel is an alien who is removable from the United States.  (*Id.*)  Patel was transferred to Clinton County Prison based on his immigration detainer on December 17, 2024.  (Doc. 6-9.)

Patel requested custody redetermination pursuant to 8 C.F.R. § 1236 before an immigration judge ("IJ").  (*See* Doc. 6-6.)  The IJ denied Patel's request because the IJ determined that Patel was a danger to the community.  (*Id.*)  Patel appealed this decision to the Board of Immigration Appeals ("BIA").  (Doc. 6-7.)  The BIA held that Patel's custody determination was governed by 8 U.S.C. § 1226(a) such that Patel had to establish that he was not a present danger to the community, a threat to national security, or a flight risk.  (Doc. 6-8, p. 3.)  The BIA upheld the

IJ's decision, finding that Patel was a danger to the community because of the "recency and seriousness" of his criminal convictions. (*Id.*)

On September 11, 2025, an immigration judge found Patel removable to India pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). (Doc. 6-4.) The immigration judge denied Patel's applications for asylum, withholding of removal under Section 241(b)(3) of the INA, withholding of removal under the Convention Against Torture ("CAT"), and deferral of removal under CAT. (*Id.* at 1.) Patel appealed this determination, which is now pending before the BIA. (Doc. 6-5.)

Patel filed the present habeas petition on November 26, 2025, against multiple Respondents, including Angela Hoover, Warden of Clinton County Correctional Facility.[2] (Doc. 1.) Pursuant to the court's December 4, 2025 order, Respondents filed a response on December 18, 2025, and Patel filed a traverse on December 28, 2025. (Docs. 5, 6, 7.) Respondents also filed a notice of

---

[2] In addition to Angela Hoover, Petitioner named Pamela Bondi, Attorney General of the United States; Thomas Decker, Field Office Director, Philadelphia Field Office, DHS, ICE; Kristi Noem, Secretary, DHS; and DHS, ICE. (Doc. 1.) Respondents, in a footnote, submit that the only proper respondent is Angela Hoover because she is the Warden of Clinton County Correctional Facility. (Doc. 6, p. 1 n.1.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.") The court will not address an argument requesting dismissal of other respondents when only raised in a footnote.

supplemental authority on January 16, 2026.³  (Doc. 8.)  Thus, Patel's petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)).  Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted).  Patel is detained at the Clinton County Correctional Facility, which is within the Middle District of Pennsylvania.  *See* 28 U.S.C. § 118(b).

## DISCUSSION

Patel requests to be released on bond.  (Doc. 1, pp. 2, 6–7.)  In his petition, Patel argues that he has exhausted "administrative remedies to the extent required

---

³ The court notes that this notice of supplemental authority quotes the United States Court of Appeals for the Third Circuit's recent decision in *Khalil v. President, United States*, --- F.4th ----, 2026 WL 111933 (3d Cir. Jan. 15, 2026).  However, Respondents did not argue how *Khalil* or the jurisdiction stripping provision of 8 U.S.C. § 1252(b)(9) applies to Patel's petition.  Thus, the court will not address *Khalil* in this memorandum.

by law, and his only remedy is by way of this judicial action." (*Id.* ¶ 11.) He then submits that he is being detained under the discretionary detention provision of 8 U.S.C. § 1231(a)(6), so he is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1). (*Id.* ¶ 12.)

In response, Respondents argue that Patel failed to exhaust his administrative remedies because he could have requested a bond re-determination hearing based on changed circumstances, which he failed to do. (Doc. 6, pp. 6–8.) Additionally, Respondents submit that the IJ and BIA's decisions to deny Patel's bond request is not subject to judicial review under 8 U.S.C. § 1226(e). (*Id.* at 6.) Alternatively, Respondents argue that Patel's petition should be denied because his detention is lawful under 8 U.S.C. § 1226(a), and thus, this court cannot provide any habeas relief. (*Id.* at 8–12.)

In his traverse, Patel argues that exhausting his administrative remedies would be futile as his circumstances have not changed. (Doc. 7, p. 2.) He also generally argues for the first time that his detention is prolonged, and thus, he should be given a new bond hearing. (*Id.* 2–3.)

At the outset, the court notes that Patel failed to set forth any argument regarding the length of his detention in his petition. (*See* Doc. 1.) Because this argument was raised for the first time in Patel's traverse (or reply), this argument is waived, and the court will not address it further. *Hamrick v. Warden of FCI-*

5

*Allenwood Low*, No. 4:23-cv-567, 2023 WL 7413330, at *4 (M.D. Pa. Nov. 9, 2023) (citing *Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020); *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1183 (3d Cir. 1990)).

Turning to the merits of Patel's petition,[4] Patel's arguments appear to be premised on the assumption that he is detained pursuant to 8 U.S.C. § 1231(a)(6). (*See* Doc. 1, p. 6.) However, the immigration records provided by Respondents, which include a decision from the BIA affirming the IJ's denial of bond, indicate that Patel is detained pursuant to Section 1226(a). (S*ee* Doc. 6-8.) Further, the court observes that Patel has not argued that his detention is unlawful or that he was not afforded appropriate process as required by Section 1226(a). Rather, he takes issue with the fact that he was not released on bond. The petitioner in *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 276–77 (3d Cir. 2018), made a similar argument but added that the length of his detention was the basis for his due process challenge. There, the Third Circuit held that "Borbot cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations" as opposed to a

---

[4] The court reviews the merits of this petition because, regardless of whether Patel exhausted his administrative remedies, his petition fails on the merits.

petitioner detained pursuant to § 1226(c).  *Id.* at 277.  Here, Patel does not challenge the length of detention or any lack of due process in his petition, thus, there is no relief that this court can provide.  Accordingly, Patel's petition will be denied.

## Conclusion

For the reasons stated herein, the court will deny Patel's petition for writ of habeas corpus.  An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: January 28, 2026